*990 OPINION OF THE COURT
John J. Ark, J.
This is an action to enjoin the Republican Majority of the Monroe County Legislature from expending public funds and utilizing the services of public employees for the publication and dissemination of the "Legislative Insider” which purports to be "A Legislative Report From The Republican Majority of the Monroe County Legislature”.
The petitioner, a Monroe County resident and taxpayer who claims that the purpose of the "Legislative Insider” is to serve the personal and political objectives of the Republican members of the Monroe County Legislature, relies on Matter of Schulz v State of New York (86 NY2d 225).
Citing article VII (§ 8, cl [1]) of the New York Constitution, Schulz (supra, at 234) prohibited "the use of public funds out of a State agency’s appropriation to pay for the production and distribution of campaign materials for a political party or a political candidate or partisan cause in any election”. By analogy, the petitioner claims that article VIII (§ 1) of the New York Constitution prohibits the use of county funds for partisan political purposes.
Without addressing the several procedural objections raised by the respondents, this court denies petitioner’s request on three substantive grounds.
First, Schulz (supra) reiterated the unique political functions of a legislator in the political branch of the government as set forth in People v Ohrenstein (77 NY2d 38, 47): "The Legislature is the 'political’ branch of the government * * * In addition to political activities formally recognized at law, there are additional functions which a legislator performs to gain support in the community, such as distributing newsletters and meeting constituents. Although these activities may be fairly characterized as political, as opposed to governmental, they are considered an inherent part of the job of an elected representative and thus perfectly legitimate acts for a legislator or legislative assistant to perform.”
The "Legislative Insider” is a constituent newsletter, cooperatively prepared by the Majority Republican county legislators, using county money. It is qualitatively indistinguishable from newsletters sent out by members of the State Legislature. Certain of the objected to portions of the "Legislative Insider” are partisan in nature and constitute a political document. However, this court questions whether the Majority *991 of the County Legislature is a governmental agency within the purview of Schulz (supra), which reviewed the action of an agency of the executive branch. For the courts to hold that partisan county legislative newsletters are prohibited by the New York Constitution, they must eventually hold that partisan State legislative newsletters are also prohibited. These steps are best left to the State Legislature, particularly in light of the Court of Appeals acknowledging "the unique political functions of a legislator in the ' "political” branch of the government’ ”. (Matter of Schulz v State of New York, supra, at 236, n, citing People v Ohrenstein, supra, at 47.)
Second, assuming that only "partisan” legislative newsletters are prohibited, particularly in light of the necessarily contentious nature of legislative politics, as soon as a newsletter becomes normative as opposed to being descriptive, it is vulnerable to constitutional challenge as being partisan, thereby intruding the courts into legislative constituency communications.
Third, the submitted "Legislative Insider[s]”, although making obvious partisan references, do not constitute "campaign materials for a political party or a political candidate or partisan cause in any election”. Accordingly, this court does not conclude that the proffered "Legislative Insider[s]” "transgressefd] the constitutional boundary” set forth in Schulz (supra, at 235).